UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TEAMSTERS LOCAL 445 FREIGHT DIVISION :
PENSION FUND, on its own behalf and on behalf
of all those similarly situated, :

                Plaintiffs, :

   - against - :

BOMBARDIER INC., BOMBARDIER CAPITAL :
INC., BOMBARDIER CAPITAL MORTGAGE
SECURITIZATION CORPORATION, :
LAURENT BEAUDOIN, BRIAN PETERS,
ROBERT GILLESPIE, LAWRENCE ASSELL, :
CREDIT SUISSE FIRST BOSTON,
JPMORGAN CHASE, and PRUDENTIAL :
EQUITY GROUP,
                                          :
                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OPINION AND ORDER**

05 Civ. 1898 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

       This is a putative securities class action. On April 20, 2005, I appointed Teamsters Local 445 Freight Division Pension Fund ("Teamsters") lead plaintiff. Plaintiffs' First Amended Complaint ("Am. Compl.") was filed on April 15, 2005. The parties have contacted the Court to resolve an apparently novel question of law: namely, whether the filing of an amended securities class action complaint substantially broader than the first-filed complaint requires publication

1

of a new notice to class members and resets the time allowed for potential class members to move for appointment as lead plaintiffs.

I. **BACKGROUND**

On February 7, 2005, plaintiffs filed a Class Action Complaint (the "Complaint"), defining a class of all purchasers of a certain series of Bombardier's securities, the 2000-A Certificates, who purchased their shares between January 7, 2000 and May 6, 2004.[1] On April 15, 2005, plaintiffs filed their amended complaint, which defined the class to include not just purchasers of the 2000-A Certificates, but also Series 1998-A, 1998-B, 1998-C, 1999-A, 1999-B and 2001-A Certificates, and enlarged the class period to February 7, 2000 to February 7, 2005.[2] Plaintiffs assert that "[t]he class was expanded because, as alleged, the challenged statements underlying the scheme were identical" for all classes of securities included in the expanded class.[3]

On April 27, 2005, the parties sent simultaneous letters to the Court requesting guidance as to whether the expanded class definition requires republication of plaintiffs' notice — and a concomitant reopening of the sixty-day

---

[1] *See* Complaint ¶ 26. The preamble to the Complaint sets forth contradictory allegations that end the class period on May 6, 2003. *See id.* at 1.

[2] *See* Am. Compl. ¶ 41.

[3] 4/27/05 Letter from Plaintiffs to the Court ("Pl. Letter") at 1.

period for class members to move for appointment as lead plaintiff — under the Private Securities Litigation Reform Act of 1995 ("PSLRA")[4].

## II. LEGAL STANDARD

The PSLRA states, in pertinent part, that:

(i) In general

Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class--

(I) of the pendency of the action, the claims asserted therein, and the purported class period; and

(II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

(ii) Multiple actions

If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter is filed, only the plaintiff or plaintiffs in the first filed action shall be required to cause notice to be published in accordance with clause (i).

(iii) Additional notices may be required under Federal rules

Notice required under clause (i) shall be in addition to any

---

[4] 15 U.S.C. § 78u-4.

notice required pursuant to the Federal Rules of Civil Procedure.[5]

Federal Rules of Civil Procedure 23(c)(2)(a) and 23(e)(1)(B), which govern publication of notice in class actions, require notice of certification and settlement, but are silent with respect to notification that a complaint has been filed.[6]

Courts have generally disfavored republication of notice when a complaint is amended, even where the amendment alters the class period.[7] However, republication is generally appropriate where an amended complaint asserts new theories or legal claims.[8] Moreover, "in deciding a motion for the appointment of lead plaintiff under the PSLRA, courts have an independent duty to scrutinize the published notice and ensure that the notice comports with the

---

[5] 15 U.S.C. § 78u-4(a)(3)(A)

[6] *See generally* Fed. R. Civ. P. 23.

[7] *See, e.g.*, *Cheney v. Cyberguard Corp.*, 211 F.R.D. 478, 498 (S.D. Fla. 2002) ("additional notice is not required where the original complaint is amended to include, in part, an *extension of the class period*") (emphasis added); *In re Rite-Aid Corp. Sec. Litig.*, No. 99 Civ. 1349, 1999 U.S. Dist. LEXIS 19753, at *4 (E.D. Pa. Dec. 20, 1999) (filing of complaint similar to previously-filed complaint, but encompassing an earlier class period, did not warrant republication or relitigation of lead plaintiff and counsel issues). *See also Greenberg v. Bear Stearns & Co.*, 80 F. Supp. 2d 65, 69 (E.D.N.Y. 2000) (new publication not required where new defendant is added to the complaint).

[8] *See, e.g., In re Select Comfort Corp. Sec. Litig.*, No. 99-884, 2000 U.S. Dist. LEXIS 22697, at *22 (D. Minn. Jan. 27, 2000).

objectives of the PSLRA."[9]

## III. DISCUSSION

This appears to be a matter of first impression. Although previous courts have addressed the question of whether a new notice need be issued when the class period is amended — and have generally answered that question in the negative — the parties and the Court have found no decision regarding whether adding new classes of securities to the ambit of the class requires republication. The twin goals of the PSLRA's class notice provisions — notification of absent class members and judicial efficiency — conflict in the context of republication.

These countervailing considerations provide some context for existing republication precedent, scant as it is. In cases encompassing the same claims and securities, but somewhat different class periods, courts have generally found that the efficiency cost of republication outweighs the marginal fairness gains of notifying class members of an extended class period.[10] In such cases, most potential lead plaintiffs are probably eligible under either class period, and, at the very least, have been alerted to the pendency of a case involving the securities they

---

[9] *Marsden v. Select Medical Corp.*, No. Civ. A. 04-4020, 2005 WL 113128, at *3 (E.D. Pa. Jan. 18, 2005).

[10] *See, e.g. Cheney*, 211 F.R.D. at 498; *In re Rite-Aid*, 1999 U.S. Dist. LEXIS 19753, at *4.

5

hold, if not the exact period in which they held them. By contrast, where amendments include "entirely new factual and legal allegations against Plaintiffs, as to separate transactions, affecting a new class of plaintiffs,"[11] entire classes of potential lead plaintiffs are left out of the notice procedure.

In this case, the potential injustice is clear. A class member who owned only Series 1998-C securities, encountering a notice regarding only the Series 2000-A securities, would have no idea that she had the opportunity to move for appointment as lead plaintiff. The overwhelming likelihood is that such an investor would disregard the notice, unaware that an amendment had been filed placing her squarely within the alleged class. Especially where a class is expanded from purchasers of a single class of securities to purchasers of many classes from different years, adjudication of who should be appointed lead plaintiff cannot reliably proceed unless potential lead plaintiffs have had a reasonable opportunity to identify themselves and present themselves for the Court's consideration. Indeed, in this case, only a single class member, Teamsters, moved for appointment as lead plaintiff. Teamsters, of course, has been the named plaintiff from the inception of the case, and is thus uniquely situated to follow the changing allegations in plaintiffs' complaints. It is entirely possible that other well-qualified

---

[11] *In re Select Comfort*, 2000 U.S. Dist. LEXIS 22697, at *25.

lead plaintiffs would have moved had they been notified that they were potential class members.

Allowing plaintiffs in this case to proceed without publishing a new notice reflecting their additional claims would potentially exclude qualified movants from the lead plaintiff selection process. Although appointment is certainly easier — and thus more efficient — when there is only one movant, it is contrary to the spirit of the PSLRA to achieve that efficiency by failing to notify potential movants of their rights. Where membership of a class is substantially expanded by the filing of an amended complaint that *adds new claims*, fairness dictates that those new class members ought to be informed of the existence of pending claims that may affect their rights.

IV. **CONCLUSION**

Accordingly, plaintiffs are ordered to publish a notice that conforms to the requirements of the PSLRA, with respect to all classes of securities covered by the expanded class, by June 21, 2005.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:    New York, New York
          June 1, 2005

## - Appearances -

*For Plaintiff:*

Joel P. Laitman, Esq.
SHOENGOLD, SPORN, LAITMAN & LOMETTI, P.C.
Cannon's Walk
19 Fulton St., Suite 406
New York, NY 10038
(212) 964-0046

*For Defendant:*

A. Robert Pietrzak, Esq.
SIDLEY AUSTIN BROWN & WOOD LLP
787 Seventh Avenue
New York, NY 10019
(212) 839-5300